IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TERRELL HERRON, SR.,

    Plaintiff,

vs.          No. 06-2068-Ma/V

VICTOR L. ROBILIO, JR., INC.,

    Defendant.

ORDER DISMISSING ADDITIONAL PLAINTIFFS
ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

Plaintiff Terrell Herron, Sr., a resident of Memphis, Tennessee, filed a complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on January 31, 2006, along with a motion seeking leave to proceed in forma pauperis and appointment of counsel. On the basis of the information contained in the plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the defendant as Victor L. Robilio, Jr., Inc.

The first matter to be considered is the identity of the plaintiff to this action. The complaint purports to be brought by Terrell Herron, Sr., Tiko Floyd, Ronnie Anderson, Curtis Goodson,

Ricky Myers, and Nernest Beasley. However, the complaint is signed only by Terrell Herron, Sr., only Herron submitted an in forma pauperis affidavit, and the EEOC charge and right to sue letter attached to the complaint pertain only to Herron. Accordingly, Terrell Herron, Sr. is the only plaintiff in this case.[1] If Floyd, Anderson, Goodson, Myers, and Beasley have any claim against the defendant, they must assert it in separate actions, as at least some have done.

The plaintiff has filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[2] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil

---

[1] A party in federal court must proceed either through licensed counsel or on his own behalf. See 28 U.S.C. § 1654; see also Fed. R. Civ. P. 11(a) ("[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party"). No pro se plaintiff may sign pleadings on behalf of another plaintiff. Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"); Mikeska v. Collins, 928 F.2d 126 (5th Cir. 1991); Bonacci v. Kindt, 868 F.2d 1442, 1443 (5th Cir. 1989). Accordingly, Herron cannot represent any of the other individuals named in the case caption.

[2] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[3] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its

---

[3]     The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

discretion to appoint counsel at this time. The motion for appointment of counsel is DENIED.

It is ORDERED that the Clerk shall issue process for the defendant and deliver said process to the marshal for service. Service shall be made on the defendant pursuant to Fed. R. Civ. P. 4(h)(1). A copy of this order shall be served on the defendant along with the summons and complaint. All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant or on the defendant if it has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 16th day of March, 2006.


                                          s/ SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE

06-2068.Order 1.wpd